IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HALA MALOHI,<br><br>Petitioner,<br><br><br>v.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Civil Case No. 2:16-CV-565-DB<br><br>Criminal Case No. 2:04-CR-755-DB<br><br><br>Judge Dee Benson |

Before the Court is Petitioner's motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner argues that pursuant to the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), he should not have received a sentencing enhancement under the Armed Career Criminal Act (ACCA). He contends that his prior Utah state felony convictions for robbery should not be considered violent felonies under the ACCA post-*Johnson*. The motion has been fully briefed and based on the parties' written arguments, the relevant facts and the law, the Court enters the following Memorandum Decision and Order.

BACKGROUND

On September 20, 2005, petitioner pled guilty to the crime of felon in possession of a

firearm in violation of 18 U.S.C. § 922(g)(1). The presentence report (PSR) relied on petitioner's three prior felony convictions – two 1999 convictions for robbery and one 1999 conviction for aggravated robbery, all under Utah statutes – in determining that he qualified for a seven point sentencing enhancement as an armed career criminal under the ACCA. The appropriate guideline range was determined to be 180 to 210 months. At sentencing on December 7, 2005, petitioner was sentenced to 180 months in custody, followed by five years of supervised release.

## DISCUSSION

At the time petitioner was sentenced, pre-*Johnson*, Utah robbery and aggravated robbery were considered violent felonies under the ACCA's residual clause. In *Johnson*, the Supreme Court invalidated the ACCA's residual clause as unconstitutionally vague. 135 S.Ct. 2551, 2563 (2015). In *Welch v. United States*, the Supreme Court held that "Johnson announced a 'new' substantive rule that has retroactive effect." 136 S.Ct. 1257 (2016).

Petitioner argues that his two prior convictions for robbery, as defined by the Utah statute in effect at the time he pled guilty, should not be considered violent felonies post-*Johnson* because they do not require the use, attempted use, or threatened use of physical force against another person.

Pre-*Johnson*, there were three ways for a prior offense to qualify as a violent felony under the ACCA: first, under the elements clause, if a prior offense required "as an element the use, attempted use, or threatened use of physical force against the person of another;" second, under

the enumerated offense clause, if a prior offense matched the generic definition of burglary, arson, or extortion; and third, under the residual clause, if a prior offense "otherwise involve[d] conduct that present[ed] a serious risk of or potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)

Post-*Johnson*, there are two ways for a prior offense to qualify as a violent felony: (1) under the elements clause; and (2) under the enumerated offense clause. Because robbery is not an enumerated offense under 18 U.S.C. § 924(e)(2)(B), we must analyze Utah's robbery statute to determine whether it required as an element, the use, attempted use, or threatened use of physical force against another.

In making this determination, courts use a categorical approach whereby they look only to the statutory definition, i.e. the elements, of a defendant's prior offense; not to the particular facts underlying the offense. *Descamps v. United States*, 133 S.Ct. 2276, 2283 (2013). However, the government argues that the Court should use a modified categorical approach in making this determination because it contends the robbery statute is divisible. See *Descamps*, 133 S.Ct. at 2282. In *Mathis v. United States*, 136 S.Ct. 2243 (2016), the Supreme Court addressed the difference between divisible and indivisible statutes. A statute that lists alternative elements is divisible and subject to modified categorical analysis. *Id*. at 2249-50. A statute that lists different factual means of committing a single offense or element is indivisible and subject only to the categorical approach. *Id*. Elements are the "constituent parts" of a crime's definition. *Id*. They are "what the jury must find beyond a reasonable doubt." *Id*. Means, by contrast, are mere "brute facts" that "need neither be found by a jury nor admitted by a defendant." *Id*.

Petitioner argues that force and fear are alternative means of committing a single element of Utah robbery. In *State v. Germonto*, 868 P.2d 50 (Utah 1993), the Utah Supreme Court interpreted Utah's robbery statute as having five elements: (1) personal property is taken from another person's possession, or is in the immediate presence of such person at the time it is taken; (2) the property is taken contrary to the will of such other person; (3) the taking is accomplished by means of force or fear; (4) the taking is unlawful; and (5) the taking is intentional. 868 P.2d at 56. He contends that Utah's robbery statute defines one crime with five elements and specifies two means of committing the third element.

The Court finds that Utah's robbery statute at issue in this case was not divisible and therefore not subject to a modified categorical analysis. Accordingly, the Court looks to the elements of the statute, not the underlying facts in determining whether petitioner's two prior robbery convictions constitute violent felonies under the elements clause. Petitioner argues they are not violent felonies because under the statute in effect at the time he pled guilty, robbery could have been committed without using violent, physical force against another person.

At the time of petitioner's convictions, Utah robbery was defined as follows:

(1) A person commits robbery if:
    (a) the person unlawfully and intentionally takes or attempts to take personal property in the possession of another from his person, or immediate presence, against his will, by means of force or fear; or
    (b) the person intentionally or knowingly uses force or fear of immediate force against another in the course of committing a theft.

Utah Code § 76-6-301 (1999).

In order to be considered a violent felony under the elements clause of the ACCA, the Supreme Court has explained that "physical force" means "violent force – that is, force capable

of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Also, the force must be directed against another person; directing force against property will not suffice. *United States v. Ford*, 613 F.3d 1263, 1272 (10th Cir. 2014). Finally, the use of force must be intentional; a crime based on recklessness is not a violent felony. *See United States v. Hernandez*, 568 F.3d 827, 831 (10th Cir. 2009).

Petitioner argues that under Utah's robbery statute, use of force or fear of injury to property would be sufficient to meet the elements of the crime. Specifically, he alleges that robbery could be committed by means of fear, without force by putting the victim in fear, including fear of non-physical injury. Under section (b), robbery may be committed by "force or fear of immediate force." Section (a) provides that robbery may be committed by "force or fear," but does not further define "fear."[1]

The plain wording of the statute does not limit the requirement of fear to that of physical force or bodily injury. For instance, fear of non-physical injury, such as fear of defamation or fear of injury to property may suffice. While it may be true that fear of physical harm may be the type of fear that is most often used to commit robbery, the plain wording of the statute does not require fear of physical force as an element of the offense. Accordingly, the Court finds that petitioner's two prior convictions for robbery do not meet the requirements of the elements clause for violent felonies under the ACCA for purposes of categorizing petitioner as an armed

---

[1]The government argues that the Utah Court of Appeals' ruling in *State v. Irvin*, 169 P.3d 798, 801 (Utah App. 2007) that a business cannot be the victim of a robbery, informs the type of fear required under the robbery statute. While stating that only people, not businesses, are capable of feeling fear, *Irvin* does not define the type of fear required under the statute.

career criminal post-*Johnson*.

CONCLUSION

For the foregoing reasons, the Court GRANTS petitioner's motion and VACATES the sentence previously imposed. Counsel is instructed to contact the Court to schedule a time for resentencing.

IT IS SO ORDERED.

DATED this 4th day of June, 2018.

_____
Dee Benson
United States District Judge